UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JOSEPH ELIJAH MILLS, | ) | C/A No. 4:24-0963-MGL-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| WARDEN COHEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |
| | ) | |

Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on February 26, 2024. (ECF No. 1). On July 17, 2024, Respondent filed a motion for summary judgment along with a return and memorandum. (ECF Nos. 22 and 23). The undersigned issued an order on July 22, 2024, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (ECF No. 24). Petitioner filed three motions for extensions to respond to the motion for summary judgment. (ECF No. 30, 34, and 37). Each of these motions were granted, and Petitioner was given additional time. On the third motion for an extension of time, Petitioner was given until October 7, 2024, to file a response or his case may be dismissed pursuant to Rule 41(b) of the

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

F.R.C.P. Petitioner did not file a response but filed a motion entitled "Motion to Amend" on October 9, 2024. (ECF No. 41). [2]

## PROCEDURAL HISTORY

The undisputed procedural history will be set out below, in part, as set forth by the Respondent.

Petitioner, Joseph Elijah Mills, (Petitioner/Mills) is currently confined at the Ridgeland Correctional Institution pursuant to orders of commitment from the Clerk of Court of Lexington County. Petitioner was indicted during the April 2017 term of the Lexington County Grand Jury Session for two counts of murder and one count of possession of a weapon during the commission of a violent crime. Petitioner was represented by Chief Public Defender Robert M. Madsen and Assistant Public Defender Sarah Mauldin. Petitioner entered a plea pursuant to a negotiated sentence of concurrent terms of forty years' imprisonment on each charge. The State dropped the firearm charge as well as an unindicted second-degree assault and battery charge in exchange for the plea. The Honorable R. Knox McMahon accepted the guilty plea and sentenced him to the forty years' imprisonment as negotiated.

On June 18, 2018, Petitioner filed a motion to withdraw his guilty plea. The Honorable McMahon held a hearing on the motion. Petitioner was again represented

---

[2] The motion to amend was denied. (ECF No. 42).

2

by Mr. Madsen and Ms. Mauldin. The motion to withdraw the plea was denied by the trial court.

## Direct Appeal

Counsel filed a timely notice of appeal. On August 10, 2018, the South Carolina Court of Appeals dismissed the appeal pursuant to Rule 203(d)(1)(B)(iv), SCACR for failure to provide a sufficient explanation as to why his appeal from a guilty plea should proceed. By order dated October 5, 2018, the Court of Appeals reinstated the appeal because it was dismissed prior to receiving Applicant's *pro se* explanation. In the same order, the Court of Appeals again dismissed the appeal. The remittitur was returned to the circuit court on October 23, 2018.

## PCR

Petitioner filed his application for post-conviction relief (PCR) on February 26, 2019. Petitioner was represented by Ms. McMahan, Esquire. An evidentiary hearing into the matter was convened on April 29, 2021, before the Honorable Debra R. McCaslin. The following issues were raised:

> "Ineffective Assistance of Counsel in violation of the 6th and 14th Amendment rights of the U.S. Constitution."
>
> a.     "Counsel is ineffective for not getting Petitioner a independent medical and mental health evaluations."
> b.     "Counsel is ineffective for threatening and coercing Petitioner into taking a plea instead of going to trial."
> c.     "Counsel ineffective for making improper comments at

Petitioner's plea hearing and sentencing."

d.    "Counsel failed to object to Prosecutor's and Judge's unconstitutional improper prejudicial comments at plea hearing, which was ineffective."

e.    "Counsel ineffective for failing to inform Petitioner of his right to appeal his plea decision and failing to file 'Notice of Appeal' plea decision."

f.    "Counsel ineffective for failing to go over the defense of self-defense with Petitioner and failing to prepare Petitioner's case as a case of self-defense for trial."

g.    Counsel ineffective for failing to investigate the evidence, the facts, and the circumstances of the case."

h.    "Counsel ineffective for not fully giving all discovery material to the Petitioner and not going over the discovery material with the Petitioner."

(ECF No. 22-1 at 71).

Plaintiff sought relief in the form of having his plea withdrawn and the case remanded for trial. On May 26, 2021, the PCR court issued an Order of dismissal denying Petitioner's claims for relief.

## **PCR Appeal**

PCR appellate counsel, Adam Sinclair Ruffin of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on the PCR appeal. On November 23, 2021, appellate counsel filed a Johnson petition in the Supreme Court of South Carolina and raised the following issue:

1.    Did the post-conviction relief court err in finding that Petitioner's guilty plea was voluntary where Petitioner was never able to view

4

the full surveillance video which was the most important evidence against him, and where Petitioner also contended that plea counsel told him to perjure himself at the plea and admit guilt even though he maintained that he was not guilty?

(ECF No. 22-3 at 3 of 13).

Petitioner filed a pro se <u>Johnson</u> petition on February 17, 2021, raising these additional issues:

A. Failure to Properly Investigate:

i.    Counsel was ineffective of assistance of counsel by failing to fully investigate matters of the case. In fact it is substantial issues that counsel never did perceive the remaining parts of the (Rule 5) Motion of discover. This concludes a fact that counsel did not fully investigate the case to properly prepare trial strategy as to see if client had merits to plea out to a lesser offense instead of murder. Counsel herself had admitted to not receiving the remaining of the motion of discovery (Rule 5) giving another substantial fact that it was impossible to fully investigate transcript.

ii.    During the PCR hearing several allegations of the actual incident was explained to the Judge It appears that the case actually did not consist of a murder in the first degree, of matter of the Petitioner not at all plan a premeditated murder.

iii.    If counsel would have properly investigated the case through out its entirety, counsel could have had a better plea bargain.

B. Involuntary Guilty Plea:

i.    Counsel was ineffective of assistance by persuading Petitioner Mr. Joseph Mills #376644 for pleading to murder in this case and did nothing to fight for a lesser offense to plea to when it is evidence in this case consisting of involuntary manslaughter and not in a way of premeditated murder. . .

5

    ii.     In this case counsel also made a false statement to withdrawal of plea hearing of stating "my client change his mind", which caused the Judge to withdraw the plea I was persuaded in taking a plea because attorney advise me that it would push my court date back which was the reason I accepted the plea. . .

C. Ineffective Assistance of Counsel:

    i.     Ms. Mauldin perjured herself several times while being questioned at the PCR hearing. She said we had never discussed me withdrawing the plea. That's false. She was the one who told me if I felt Judge McMahon was not being fair in his judgments that he was stepping down at the end of the month and if I took the plea then withdrew it that he would not be able to reschedule me on the docket quick enough to preside over my case before he stepped down. I took the plea never intending to keep it only to have a different judge preside over my case.

(ECF No. 22-4)(errors in original).

The South Carolina Supreme Court transferred the appeal to the Court of Appeals on February 17, 2022. (ECF No. 22-5). By Order filed August 18, 2023, the South Carolina Court of Appeals denied the petition and granted appellate counsel's request to be relieved as counsel of record. (ECF No. 22-6). The Court of Appeals issued the remittitur on September 7, 2023. (ECF No. 22-7).

## **HABEAS ALLEGATIONS**

Petitioner raised the following allegations in his petition:[3]

GROUND ONE:   Ineffective Assistance of Counsel in violation of the

---

[3] The issues are set out verbatim from Respondent's memorandum which Petitioner has not objected to the content or the format.

6th and 14th Amendments rights of hte
U.S. Constitution

See attachment: Approx. Of Dismissal p. 30-31, p. 32-41 (Plea hearing (coercion) p. 34-36).

1.   "[H]is attorneys' advising him he would likely be found guilty and receive a life sentence at trial caused Applicant to enter an involuntary and unknowing guilty plea." (App. , p. 204).

2.   Coercion: Applicant claims "counsel was ineffective for coercing, threatening, and telling him to perjure himself in order to force him to plea guilty" and that such "is an attack [on] the knowing and voluntary nature of the Applicant's plea. (App., p. 208).

3.   Improper Comments: "Applicant alleg[es] Counsel Mauldin was ineffective for failing to objet to 'unconstitutional comments' made before his plea hearing started. (App., p-. 210).

4.   Withdrawal Hearing: "Applicant first alleges Counsel Mauldin was ineffective for leading him to believe he could easily withdraw his plea after the fact and proceed to trial. He further contends Counsel Mauldin's statement at the withdrawal hearing that Applicant 'changed his mind' was improper. (App. P. 212).

GROUND TWO:  Involuntary Plea

"I felt like she left me no option. She didn't give me any other options. So she told me that was the best thing for me to do, was to take a plea for murder. What kind of plea was it? At 40 years and 40 years running concurrent. Were you about to go to trial" yes ma'am (2) based on unreasonable determination of facts."

GROUND THREE:   Improper and Unconstitutional Comments

"She never told me that the answer she was going to be that I changed my mind, which I never said that. So, I feel like that she said that so that they would deny it. She wouldn't

have to, you know, fight for me. They were having conversations like they knew each other. Like on the outside, like having cookouts and stuff. It was an open after comment."

(ECF No. 1).

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute

for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel

Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86

(4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.


## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions

for summary judgment, the court must also consider the petition under the

requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in the State court proceedings
> unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the State court
> proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the

Supreme] Court's decisions but unreasonably applies that principle of law" to the facts

of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams

v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of

federal law is different from an incorrect application of federal law,' because an

incorrect application of federal law is not, in all instances, objectively unreasonable."

*Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **PROCEDURAL BAR**

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10–11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.io9

Smith v. Murray, 477 U.S. at 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

Even if a Petitioner cannot demonstrate cause and prejudice for failure to raise a claim, he can still overcome procedural default by showing a miscarriage of justice. In order to demonstrate a miscarriage of justice, a petitioner must show he is actually innocent. See Carrier. 477 U.S. at 496 (holding a fundamental miscarriage of justice

occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. Bousley v. United States, 523 U.S. 614, 623 (1998). To meet this actual innocence standard, the petitioner's case must be truly extraordinary. Carrier, 477 U.S. at 496.

## ANALYSIS

Petitioner asserts allegations of ineffective assistance of counsel. Therefore, the law with respect to an ineffective assistance of counsel claim is set forth below.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v.

Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland, supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland), reversed on other grounds, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, 466 U.S. at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts

or omissions were outside the <u>wide range</u> of professionally
competent assistance.  (Emphasis added.)

<u>Id.</u>; <u>Williams v. Taylor</u>, 529 U.S. 362 (2000)(confirming the <u>Strickland</u> analysis).

### Grounds One subparts 1 and 2 and Ground Two:

In Ground One, subparts one and two, and in Ground Two, Petitioner argues
ineffective assistance of counsel for coercing him to plead guilty to murder when he
was not guilty by advising him that he would likely be convicted and sentenced to life
if he proceeded to trial giving Petitioner no other options. Therefore, Petitioner argues
the plea was involuntary and unknowing. Respondent argues that the PCR court
correctly ruled that counsel's advice was sound and that giving a client an unwanted
prognosis of his chances to successfully defeat his charges at trial is not coercion to
accept a plea. Therefore, Respondent argues that Petitioner cannot satisfy his burden
and these claims should be dismissed.

This issue was raised and ruled upon by the PCR court at the evidentiary
hearing and raised in the PCR appeal. In the order of dismissal, the PCR court
summarized the testimony as follows:

> Applicant stated his case was scheduled to go to trial the week he
> pleaded guilty, and recalled meeting with his attorneys at the detention
> center five days before his trial was supposed to begin. When asked
> about the conversations he had with his lawyers at that time, applicant
> recalled Counsel Mauldin advising him that accepting the forty-year plea
> offer was in his best interest because he would likely get convicted at
> trial and be sentenced to life. Applicant testified that by giving him such
> advice he was coercing and threatening him into pleading guilty.

Applicant further testified his attorneys coerced him into pleading guilty because they "didn't give him any options." he stated Counsel Mauldin made him think she had the best advice for him and had his best interest at heart. Applicant explained that Counsel Mauldin should have figured out a way to help him instead of focusing on the negative aspects of his case. He further claimed Counsel Mauldin was "coming up with every reason not to defend [him]" and he "never felt she wanted to fight for [him]."

Applicant testified that Counsel Mauldin told him to perjure himself "and tell the judge yes to everything when the answers would have been no." He testified she told him he had to answer the questions a certain way or Judge McMahon would not accept the plea. When asked specifically when Counsel Mauldin told him to perjure himself, he responded, "when she said to plead to murder." He stated he was never guilty but that he perjured himself by telling the plea court he was guilty on Counsel Mauldin's advice.

(ECF No. 22-1 at 185).

Counsels Mauldin and Madsen both testified they felt it was in Applicant's best interest to accept the forty-year offer. Counsel Mauldin stated Applicant was not necessarily thrilled [with] the offer, but they told him it was his best chance to avoid dying in prison. Counsel Madsen agreed, and stated it was a good offer considering the facts of the case. However, Counsel Mauldin and Madsen both unequivocally testified they did not "threaten" Applicant or otherwise coerce him into pleading guilty. Although they were prepared to proceed to trial, it was ultimately Applicant's decision to accept the State's offer and plead guilty. Counsel Mauldin noted that Applicant was never particularly adamant about going to trial. Counsel Madsen testified he never tells his clients whether they should plead or go to trial. Rather, he lays out their options and tells them it is their decision alone.

Counsel Madsen testified he did not tell Applicant what to say at the plea hearing, but he and Counsel Mauldin told him the questions the judge would likely ask. He further stated he never heard Counsel Mauldin tell Applicant he had to answer the judge's questions in a ceratin way.

(ECF No. 22-1 at 192-193).

In regard to the issue of ineffective assistance of counsel for advising Petitioner

to plead guilty, the PCR concluded as follows:

> This Court finds Applicant's claim of coercion is wholly without merit, particularly in light of his solemn declarations on the record at the plea hearing that no one promised him anything or held out any hope of reward to get him to plead guilty; no one threatened or used force to get him to plead guilty; no one used any pressure or intimidation to cause him to plead guilty; and that he was pleading guilty of his own free will and accord. (Plea Tr. 12-14). While Applicant now claims he was coerced by his attorneys into entering into a guilty plea, he made it clear to the plea court that the decision to plead guilty was his own.
>
> Applicant failed to present any evidence Counsel threatened him or provided improper inducements–he merely contends that his attorneys advising him to plead guilty in light of the strong evidence against him amounted to a "threat." . . .

(ECF No. 22-1 at 212).

In Conclusion, the PCR Court stated:

> This Court finds Applicant knew the nature of the charges against him, the terms of the plea agreement, and the consequences of pleading guilty in accordance with the requirements of Boykin and Pittman. Because a guilty plea is a "solemn, judicial admission of the truth of the charges against an individual. . . . a criminal inmate's right to contest the validity of such plea is usually, but not invariably, foreclosed
>
> . . . This Court finds Applicant failed to "present [] [any] valid reasons whey he should be allowed to depart from the truth of [the] statements" made during the plea proceeding. . . . While Applicant now claims he was coerced by his attorneys into entering into a guilty plea, he made it clear to the plea court that he decision to plead guilty was his own. This

> Court does not find credible Applicant's claim he was prevented from informing the plea court his attorneys coerced him into pleading guilty. Nor will this Court credit Applicant's ridiculous claim that Counsel Maulden told him to perjure himself.
>
> . . . Based on the evidence presented at the PCR hearing and the record of the plea proceeding, this Court finds Applicant's plea was freely, knowingly, and voluntarily entered into. Accordingly, Applicant's request for relief by way of the allegation is denied.

(ECF No. 22-1 at 213-214).

At the time of the plea, Petitioner stated to the court that he understood the charges, the fact he was giving up his right to a jury trial, that he knew the potential punishments would be a minimum mandatory of 30 years as to each count with a potential maximum of life without parole as to each count, that he wished to plead guilty because he was guilty, that he waived any defenses by pleading guilty, that he understood the plea negotiations, he was aware that he would plead guilty to a negotiated 40 years, which is to run concurrent on both murder indictments and two additional indictments, one for possession of a weapon during a violent crime and one for assault and battery. Petitioner stated that he understood that was the full and complete plea negotiations and still wanted to plead guilty. Petitioner stated that no-one had promised him anything and no-one had threatened him or used force to have him to plead guilty. Petitioner stated that he was pleading guilty of his own free will and accord, that he was guilty, that he was satisfied with his lawyers, he had talked with his lawyers and was satisfied with their representation, that his lawyers had done

everything for him that they could have or should have done for him, that he was totally and completely satisfied with his lawyers' services with no complaints. Petitioner stated that he did not have any questions. (ECF No. 22-1 at 12-16).

The PCR court did not misapply the law and found that Petitioner failed to meet the first and second prongs of <u>Strickland</u>. The PCR court's factual determinations regarding credibility are entitled to deference in this action. Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). <u>Evans v. Smith</u>, 220 F.3d 306 (4th Cir. 2000). Based upon the record, the PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); <u>Williams, supra</u>. In this case, Petitioner fails to meet the <u>Strickland</u> test.

Additionally, a plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true. The defendant may not later argue that his plea was invalid except in extremely limited circumstances, <u>Blackledge v. Allison</u>, 431 U.S. 63 (1977) (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others,"

though the allegations must be concrete and specific). "The accuracy and truth of an

accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are

'conclusively' established by that proceeding unless and until he makes some

reasonable allegation why this should not be so." Crawford v. United States, 519 F.2d

347, 350 (4th Cir. 1975).[4] Also, Petitioner stated that he was pleading guilty because

he was guilty. Accordingly, it is recommended that Respondent's motion for summary

judgment with respect to Ground One, subparts one and two, and Ground two be

granted.

## Ground One, subpart Three and Ground Three, part two

In Ground One, subpart three, and Ground Three, part two,  Petitioner argues

that counsel was ineffective for failing to object to unconstitutional and improper

comments made between the solicitor and the court prior to the start of  his plea

hearing. Petitioner believes the improper comments prior to his plea hearing  resulted

in a bias against him to which counsel should have objected. In Ground Three, part

two, Petitioner asserts that "They were having conversations li[k]e they knew each

other. Like on the outside, like having cookouts and stuff. It was an open after

---

[4] See also Bemis v. United States, 30 F.3d 220, 222-23 (1st Cir.1994)(observing general rule that
a defendant pursuing habeas relief is "ordinarily bound by his or her representations in court"
vis-a-vis a plea); United States v. Butt, 731 F.2d 75, 80 (1st Cir.1984)(affirming denial of habeas
motion without a hearing, concluding that the movant's allegations that his attorney had mislead
him concerning the judge's acceptance of the plea were "unsupported by specific facts and
contradicted by the record," the habeas motion being bare of "credible, valid reasons why a
departure from [his] earlier contradictory statements is ... justified," citing Crawford v. United
States, 519 F.2d 347, 350 (4 th Cir.1975)).

comment."

Respondent asserts that these two grounds are essentially the same and are procedurally barred as they were not raised in the PCR appeal. This court agrees. The issue pertaining to Counsel failing to object to improper comments/conversations made before his plea hearing began tending to show counsel and judge knew each other outside of the courtroom is procedurally defaulted. This issue was not raised or addressed in the PCR appeal. Therefore, this issue was procedurally defaulted in state court. Thus, it is procedurally barred from federal habeas review absent a showing of cause and actual prejudice, or by showing actual innocense. Wainwright v. Sykes, 433 U.S. 72, 87, 90-91 (1977). Because Petitioner has failed to show cause for his procedural default on this issue, his claim is procedurally barred. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); Turner v. Jabe, 58 F.3d 924 (4th Cir.1995) (Absent a showing of "cause", the court is not required to consider "actual prejudice."). Therefore it is recommended that Ground One, subpart three, and Ground Three, part two, are procedurally defaulted.

## **Ground One, subpart four and Ground Three, part one**

In Ground One, Subpart Four, and  Ground Three, part two, Petitioner alleges

ineffective assistance of counsel for improperly leading Petitioner to believe that withdrawal of his plea was an easy matter and for improperly commenting during the hearing that Petitioner's desire to withdraw was a result of Petitioner "changing his mind." Respondent argues that no such conversation took place and counsel's characterization was entirely accurate. The PCR court found the same, and the finding was not unreasonable findings of fact and application of law and should be dismissed.

The issue was raised at the PCR hearing, and the PCR court concluded as follows:

> This Court does not find credible Applicant's testimony that Counsel Mauldin somehow suggested that he could simply withdraw his plea for any reasons and proceed to trial instead. It is well-established that "a plea of guilty is a confession of guilt made in a formal manner and is equivalent to and as binding as a conviction after a trial on the merits. It has the same effect in law as a verdict of guilt and authorizes th imposition of the punishment prescribed by law." State v. Cantrell, 250 S.C. 376, 158 S.E.2d 189, 191 (1967); United States v. Sweeney, 878 F.2d 68, 70 (2d Cir. 1989) ("Society has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas 'undermines confidence in the integrity of our [judicial] procedures...increas[es] the volume of judicial work, [and] delays and impairs the orderly administration of justice." . . . Moreover, this Court finds Counsels were not ineffective for stating at the withdrawal hearing that Applicant wished to withdraw his plea because he changed his mind. Accordingly, Applicant's claims pertaining to withdrawal of his plea are DENIED.

(ECF No. 22-1 at 215-216).

The PCR court found the attorneys did not make any improper comment at his withdrawal hearing nor did they lead him to believe he could easily withdraw his plea. Petitioner was found not credible while finding counsels' testimony credible. (ECF No. 22-1 at 215). The PCR court's factual determinations regarding credibility are entitled to deference in this action. . Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Based upon the record, the PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra.[5] Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. Therefore, it is recommended that Respondent's motion for summary judgment with respect to

---

[5] A plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true.

Ground Four and Ground Three, part one, be granted.

## **CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that Respondent's motion for summary judgment (ECF No. 23) be GRANTED and any outstanding motions be deemed moot.

Respectfully submitted,


s/Thomas E. Rogers, III
October 25, 2024                    Thomas E. Rogers, III
Florence, South Carolina              United States Magistrate Judge

The parties' attention is directed to the important notice on the next page.